UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



STERLING L. JENNINGS
and
DEIRDRE D. JENNINGS,

    Plaintiffs,

v.        ACTION NO: 2:17cv427

ROUNDPOINT MORTGAGE SERVICING CORP.
and
EQUITY TRUSTEES, LLC,

    Defendants.

## MEMORANDUM ORDER

This matter is before the court on the Partial Motion to Dismiss, filed by the Defendant, RoundPoint Mortgage Servicing Corporation ("RoundPoint"), on August 18, 2017. ECF No. 6. The Plaintiffs filed their Memorandum in Opposition to the Partial Motion to Dismiss ("Opposition") on September 14, 2017. ECF No. 11. RoundPoint filed its Reply in Support of its Partial Motion to Dismiss ("Reply") on September 19, 2017. ECF No. 12.

On September 21, 2017, the Partial Motion to Dismiss was referred to United States Magistrate Judge Robert J. Krask, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b) to conduct hearings, including evidentiary hearings, if necessary, and to submit to

the undersigned district judge proposed findings of fact, if applicable, and recommendations for the disposition of the Partial Motion to Dismiss. ECF No. 13. The Magistrate Judge filed the Report and Recommendation ("R&R") on December 22, 2017. ECF No. 14. The Magistrate Judge recommended that RoundPoint's Partial Motion to Dismiss be granted in part and denied in part. Id. at 1.

By copy of the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge. Id. at 12-13. On December 29, 2017, the Plaintiffs filed two objections to the R&R and requested leave to amend their Complaint. ECF No. 15. RoundPoint responded to the Plaintiffs' objections on January 12, 2018. ECF No. 16. The matter is now ripe for review.

### I. LEGAL STANDARDS

#### A. Review of Magistrate Judge's R&R

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which the plaintiff has specifically objected. Fed. R. Civ. P. 72(b). Objections must be "specific and particularized." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or

recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

## B. Leave to Amend Complaint

"It is well-established that leave to amend a complaint under Federal Rule of Civil Procedure 15(a) should be 'freely given when justice so requires.'" Wilkins v. Wells Fargo Bank, N.A., 320 F.R.D. 125, 127 (E.D. Va. 2017) (quoting Fed. R. Civ. P. 15(a)). "The Supreme Court has emphasized that 'this mandate is to be heeded.'" Id. (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); see also Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-10 (4th Cir. 1986). Accordingly, "unless 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would . . . [be] futile,'" the court should generally grant the plaintiff's request. Steinburg v. Chesterfield Cnty. Planning Comm'n, 527 F.3d 377, 390 (4th Cir. 2008) (quoting Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006)).

"Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." Laber, 438 F.3d at 426. "Delay alone . . . is an insufficient reason to deny the plaintiff's motion to amend." Id. at 427. Furthermore, "[a]n amendment is not prejudicial . . . if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred."

3

Id. An amendment is "futile if it is apparent that the proposed amendments could not withstand a motion to dismiss." Wilkins, 320 F.R.D. at 127 (internal quotation marks and citations omitted).

### C. Motion to Dismiss

Pursuant to Rule 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests only the sufficiency of a complaint; it does not resolve contests regarding the facts of the case, the merits of a claim, or the applicability of any defense. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Facial plausibility means that a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is, therefore, not enough for a plaintiff to allege facts demonstrating a "sheer possibility" or "mere[] consist[ency]" with unlawful conduct. Id. (citing Twombly, 550 U.S. at 557).

4

The Supreme Court, in Twombly and Iqbal, offered guidance to courts evaluating a motion to dismiss:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 679. That is, the court accepts facts alleged in the complaint as true and views those facts in the light most favorable to the plaintiff. See, e.g., Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005). After doing so, the court should not grant the defendant's motion if the plaintiff "demonstrate[s] more than 'a sheer possibility'" that the defendant has violated his rights, by "articulat[ing] facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 677-78).

## II. ANALYSIS

The Plaintiffs object to the Magistrate Judge's recommendation that this court dismiss their claims for breach of contract and violations of 12 C.F.R. § 1024.38. Obj. at 1. Relying on Mathews v. PHH Mortg. Corp., 724 S.E.2d 196 (Va.

2012), the Plaintiffs argue that "federal regulations governing the foreclosure process," including § 1024.38, "are part of the mortgage contract under the 'Applicable Law' provision of the Deed of Trust," ("Deed"). Id. at 2. As such, "when RoundPoint failed to comply with applicable law in the form of regulations under RESPA," the Plaintiffs allege, RoundPoint breached the Deed. Id. Though the Plaintiffs raised this argument before the Magistrate Judge in their Opposition, they did not plead it in their Complaint. Opp'n at 3-4. The Magistrate Judge, therefore, declined to address the issue. R&R at 7. The Plaintiffs now request leave of court to amend their Complaint to allege this theory of relief.

Though RoundPoint fails to address specifically whether leave to amend is appropriate, it argues that § 1024.38 does not provide for private enforcement, that the Plaintiffs' reliance on Mathews is misplaced, and that the Deed's reference to "applicable law" is too broad to satisfy the necessary conditions for incorporation into the contract. Resp. at 2-3. If RoundPoint's claims are correct, then granting the Plaintiffs leave to amend would be futile, and no such relief would be warranted. The court, therefore, turns to whether the Plaintiffs have stated a claim for which relief may be granted to determine whether leave to amend is appropriate.

"A deed of trust is construed as a contract under Virginia law." Combs v. U.S. Bank Nat'l Ass'n for JP ALT 2006-SI, No. 1:17-cv-545, 2017 WL 2805494, at *4 (E.D. Va. June 28, 2017) (quoting Mathews, 724 S.E.2d at 200). Consequently, "even when the regulation itself does not provide a private cause of action," id. (quoting Wilkins v. Wells Fargo Bank, N.A., No. 2:15cv566, 2016 WL 6775692, at *3 (E.D. Va. Nov. 15, 2016)), the parties are free to "incorporate regulatory provisions into a deed of trust," id. Nevertheless, incorporation of a federal regulation into a contract requires that (1) "the relevant provision of 'the applicable law' . . . be sufficiently specific" and (2) the federal regulation to have been in effect at the time of the contract's formation. Id.

In Mathews, the Virginia Supreme Court found that the "regulations of the [HUD's] Secretary" were incorporated into a deed where the deed contained the following language:

> (d) Regulations of HUD Secretary. In many circumstances <u>regulations issued by the Secretary will limit [the l]ender's rights,</u> in the case of payment defaults, to require immediate payment in full and foreclose if not paid. <u>This Security Instrument does not authorize acceleration or foreclosure if not permitted by the regulations of the Secretary</u>.

724 S.E.2d at 201. In so holding, the court reasoned that such language "express[ed] the intent of the parties that the rights of acceleration and foreclosure do not accrue under the [d]eed

of [t]rust unless permitted by the HUD's regulations." Id.; see also Wilkins, 2016 WL 6775692, at *3 (relying, inter alia, upon Mathews, 724 S.E.2d at 201, to find that a deed of trust incorporated Title 38 of the U.S. Code and its associated regulatory provisions where it provided that "Title 38, United States Code, . . . and Regulations issued thereunder and in effect on the date hereof shall govern the rights, duties[,] and liabilities of Borrower and Lender.").

In contrast, however, in Lubitz v. Wells Fargo Bank, N.A., 85 Va. Cir. 379 (2012), a circuit court in Virginia held that the contract's reference to "Applicable Law" was insufficiently precise to become incorporated as a contract term. Id. at 379. In reaching this conclusion, the court stated that such language was "not similar enough to" the language in Mathews because "[t]he language in Mathews expressly incorporate[d] the HUD regulations," whereas the language at issue in that case "only incorporate[d] all applicable law." Id. The court explained that this distinction was important for two reasons: (1) "the HUD regulations are not applicable law because they are not 'controlling' or 'applicable'" as they did "not provide the [p]laintiff with a private right of action"; and (2) the regulation on which the plaintiff relied "was not in existence at the time that the contract was made." Id.

Other courts have held that language providing, i.e., "[a]ll rights and obligations" are "subject to any requirements and limitations of Applicable Law" merely "identifies the law that governs the parties' agreement but does not provide that violation of any such law is a breach of contract." Page v. JPMorgan Chase Bank, N.A., 605 F. App'x 272, 275 (5th Cir. 2015); see, e.g., Anderson v. Wells Fargo Home Mortg., No. 14-5013, 2016 WL 755615, at *4 (D. Minn. Feb. 25, 2016) ("Plaintiffs cannot simply recast statutory claims as breach of contract causes of action based on the mortgage's general governing law provision."); Uzodinma v. JPMorgan Chase, No. 13-5010, 2014 WL 4055367, at *3 (N.D. Tex. Aug. 14, 2014) (holding that similar language in a contract did "not imply that if a party to the contract violates a state or federal law, it also breaches the contract"); Townsend v. Fed. Nat'l Mortg. Ass'n, 923 F. Supp. 2d 828, 841 (W.D. Va. 2013) (holding that similar language in a deed of trust did not incorporate the requirements of the Federal Debt Collection Practices Act under traditional principles of contract law because doing so would be adding terms that were not included by the parties).

Here, the Deed provides:

> **14. Governing Law; Severability**
> This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or

9

> clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end, the provisions of this Security Instrument and the Note are declared to be severable.

Ex. B Mem. Supp. Mot. Dismiss at 6, ECF No. 7-2.

This language is materially different than the language in Mathews. The Deed at issue here merely prescribes laws that "shall . . . govern[]" the Security Instrument. Id. In Mathews, by contrast, the language referenced the HUD's regulations as limiting the circumstances under which "acceleration or foreclosure" was "authorize[d]." 724 S.E.2d at 201. Accordingly, Mathews not only encompassed a more specific range of laws, but also, and more importantly, specified those laws as limits upon the lender's "authori[ty]" to "accelerat[e] or foreclos[e]." Id. For these reasons, this court, like the courts in Lubitz, Page, Anderson, Uzodinma, and Townsend, concludes that the Deed's reference to "applicable law" merely "identifies the law that governs the parties' agreement" and does not establish that the "violation of . . . such law[s] is a breach of contract." Page, 605 F. App'x at 275. As such, both the Plaintiffs' breach of contract and accompanying § 1024.38 claims fail.[1] Because the

---

[1] Both theories of relief fail because the breach of contract claim requires establishing that § 1024.38 was incorporated as a contract term, which the court concluded it

10

Plaintiffs have no viable claim under either theory, the court **CONCLUDES** that granting them leave to amend would be futile and, therefore, **OVERRULES** the Plaintiffs' objections.

### III. CONCLUSION

This court, having examined the objections to the Magistrate Judge's R&R, and having made de novo findings with respect thereto, **OVERRULES** the Plaintiffs' objections, and does hereby **ADOPT AND APPROVE IN FULL** the findings and recommendations set forth in the R&R of the United States Magistrate Judge filed on December 22, 2017. Accordingly, the court **GRANTS** in part and **DENIES** in part the Partial Motion to Dismiss. The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge

_____
REBECCA BEACH SMITH
CHIEF JUDGE

February 27, 2018

---

was not. As such, no breach of contract could have occurred from the alleged violation of that provision. Furthermore, as the Magistrate Judge explained, a claim arising out of § 1024.38, independent of its incorporation into the contract, also cannot proceed because § 1024.38 is not privately enforceable. See R&R at 8. Therefore, the Plaintiffs have stated a claim for neither a breach of contract nor a violation of § 1024.38.

11