UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

STERLING L. JENNINGS, et al.,

    Plaintiffs,

v.                        CIVIL ACTION NO. 2:17cv427

ROUNDPOINT MORTGAGE
SERVICING CORPORATION, et al.,

    Defendants.

## ORDER

This matter comes before the court on Defendant RoundPoint Mortgage Servicing Corporation's ("RoundPoint") Motion for Summary Judgment ("Motion") and Memorandum in Support, filed on August 31, 2018. ECF Nos. 42, 43. Plaintiffs, Sterling L. Jennings and Deirdre D. Jennings, filed a Memorandum in Opposition on September 12, 2018, ECF No. 55, and RoundPoint filed a Reply on September 18, 2018. ECF No. 58. On September 19, 2018, this court referred the Motion to United States Magistrate Judge Robert J. Krask, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct hearings, including evidentiary hearings, if necessary, and to submit to the undersigned district judge proposed findings of fact, if applicable, and recommendations for the disposition of the Motion. ECF No. 62.

The Magistrate Judge filed a Report and Recommendation ("R&R") on RoundPoint's Motion on October 10, 2018. ECF No. 66.

The parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge. R&R at 18. On October 24, 2018, Plaintiffs filed an Objection to the R&R. ECF No. 68. RoundPoint filed a Response on November 6, 2018. ECF No. 69.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which the Plaintiffs have specifically objected. Fed. R. Civ. P. 72(b). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The R&R recommends that RoundPoint's Motion should be granted because, as a matter of law, RoundPoint did not improperly foreclose on Plaintiffs' home. R&R at 2. The R&R concludes that RoundPoint was not required to conduct a face-to-face meeting with Plaintiffs prior to foreclosing on their home, id. at 13, and further concludes that Plaintiffs did not submit a complete loss mitigation application to RoundPoint in time to trigger legal protection from foreclosure proceedings, id. at 16.

In their Objection to the R&R, Plaintiffs contend that RoundPoint was required to conduct a face-to-face meeting with Plaintiffs because RoundPoint said that it would conduct such a meeting. Obj. at 3. Plaintiffs further argue that, because they

2

submitted documents to RoundPoint to complete their loss mitigation application on April 18, 2017, their application should be considered retroactively complete as of February 2, 2017. Id. at 5.

The court, having examined the Objection to the R&R filed by the Plaintiffs, and having made de novo findings with respect thereto, agrees with the Magistrate Judge's recommendation that RoundPoint's Motion for Summary Judgment be granted. Accordingly, Plaintiffs' Objection is hereby **OVERRULED**, and the court **ADOPTS AND APPROVES IN FULL** the findings and recommendations set forth in the R&R of the United States Magistrate Judge, filed on October 10, 2018. ECF No. 66. RoundPoint's Motion for Summary Judgment is **GRANTED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel for all parties.

**IT IS SO ORDERED.**

                                    _____/s/_____
                                    Rebecca Beach Smith
                                    Chief Judge
                        _____
                            REBECCA BEACH SMITH
                            CHIEF JUDGE

November 13, 2018

3