UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

STERLING L. JENNINGS, et al.,

    Plaintiffs,

v.                                  CIVIL ACTION NO. 2:17cv427

ROUNDPOINT MORTGAGE
SERVICING CORPORATION, et al.,

    Defendants.

## MEMORANDUM FINAL ORDER

This matter comes before the court on the Defendant Equity Trustees, LLC's ("Equity Trustees") Motion for Summary Judgment ("Motion") and accompanying Memorandum in Support, filed on January 18, 2019. ECF Nos. 80, 81. Plaintiffs Sterling L. Jennings and Deirdre D. Jennings, who are represented by counsel, did not file a response to Equity Trustees' Motion. For the reasons below, Equity Trustees' Motion is **GRANTED**.

### I. PROCEDURAL HISTORY

On August 11, 2017, Defendant RoundPoint Mortgage Servicing Corporation ("RoundPoint Mortgage") removed this case from the Circuit Court for the City of Suffolk. ECF No. 1. In their Complaint, Plaintiffs claim that Defendant Equity Trustees breached its Deed of Trust with Plaintiffs when Equity Trustees completed a foreclosure sale of Plaintiffs' property. Compl. ¶¶ 30-32, 56. Plaintiffs also make claims against Defendant

RoundPoint Mortgage regarding their foreclosure sale. Id. ¶¶ 26, 38, 52. Plaintiffs claim they are entitled to rescission of the foreclosure sale. Id. ¶ 53.

The parties engaged in discovery on Plaintiffs' claims, which concluded on August 14, 2018. ECF No. 22. On August 31, 2018, RoundPoint Mortgage filed a Motion for Summary Judgment, ECF No. 42, which this court granted On November 13, 2018. ECF No. 70. The Clerk entered judgment in favor of RoundPoint Mortgage based on this court's summary judgment Order. ECF No. 72. On December 12, 2018, Plaintiffs filed a Notice of Appeal of this court's Order granting summary judgment to RoundPoint Mortgage. ECF No. 74. On January 18, 2019, Equity Trustees filed the instant Motion. ECF No. 80. Plaintiffs did not file a response within the fourteen (14) days provided by Local Civil Rule 7 of the Local Rules for the United States District Court for the Eastern District of Virginia, or at any time thereafter. Equity Trustees' Motion is now ripe for review.

## II. JURISDICTION

As an initial matter, this court has jurisdiction to consider Defendant Equity Trustees' Motion, even though Plaintiffs have filed a Notice of Appeal on the summary judgment entered in favor of Defendant RoundPoint Mortgage. A district court retains jurisdiction over a case until such time as a final decision is made, disposing of all issues and parties in the case, unless an

appropriate interlocutory appeal is filed. E.g., Keena v. Groupon, Inc., 886 F.3d 360, 362-63 (4th Cir. 2018) (outlining the circumstances in which an appellate court may acquire jurisdiction over a case); see 28 U.S.C. § 1291 (courts of appeals "shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . .").

Here, this court retains jurisdiction because Plaintiffs' Notice of Appeal was premature. See Ruby v. Sec'y of the U.S. Navy, 365 F.2d 385, 389 (9th Cir. 1966) cert. denied, 386 U.S. 1011 (1967), cited with approval in Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (appeal from an unappealable order does not divest the district court of jurisdiction over the case). Plaintiffs' Notice of Appeal was not taken from a final decision in the case, as required under 28 U.S.C. § 1291. To be a "final decision" pursuant to 28 U.S.C. § 1291(a), the court's order must "be final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved." Andrews v. United States, 252 U.S. 334, 340 (1963). This court's November 13, 2018 Order granting summary judgment to RoundPoint Mortgage did not address Plaintiffs' pending claims against Equity Trustees, the other Defendant in this case, and thereby was not a final decision in the case.

3

Moreover, Plaintiffs' Notice of Appeal also does not meet any of the conditions for an interlocutory appeal. Interlocutory appeals, in which an appeal is permitted prior to the entry of a final order in the case, are allowed only in narrow, enumerated circumstances, such as when the court issues an order regarding an injunction, the appointment of a receiver, or the rights and liabilities of parties to an admiralty case. See 28 U.S.C. § 1292(a)(1)-(3). Here, Plaintiffs' appeal as to the summary judgment in favor of RoundPoint Mortgage does not fit into one of the narrow categories where an interlocutory appeal is appropriate, and the court will proceed to consider Equity Trustees' Motion, which is now ripe for review.

### III. UNCONTROVERTED FACTS

The following facts here are taken from Equity Trustees' Memorandum in Support of its Motion. ECF No. 81. When a party fails to respond to a motion for summary judgment, it "leave[s] uncontroverted those facts established by the motion." Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993); see Fed. R. Civ. P. 56(c)(1); E.D. Va. Local Civ. R. 56(B) ("In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statements of genuine issues filed in opposition to the motion."). In its Memorandum in Support, Equity Trustees set forth undisputed

4

material facts in this case, and cited to the record in support of each of its factual contentions. ECF No. 81 at 2-3. Because Plaintiffs have failed to respond to Equity Trustees' Motion, Equity Trustees' factual assertions are accepted as uncontroverted for the purposes of this Motion. See Custer, 12 F.3d at 416; Fed. R. Civ. P. 56(c)(1); E.D. Va. Local Civ. R. 56(B).

On June 10, 2015, Plaintiffs obtained a loan from Movemement Mortgage, LLC, which was insured by the Federal Housing Administration. ECF No. 81 at 2. Plaintiffs executed a Note and Deed of Trust securing the loan with the subject property, 408 Quaker Ridge Court, Suffolk, Virginia 23435. Id. Servicing of the loan transferred to RoundPoint Mortgage on August 1, 2015, and the rights and interest in the Deed of Trust were assigned to RoundPoint Mortgage on March 1, 2017. Id. After August 30, 2016, Plaintiffs stopped making monthly mortgage payments. Id.

On December 1, 2016, RoundPoint Mortgage sent Plaintiffs a letter, stating "[t]he Federal Housing Administration (FHA) requires mortgage servicers to attempt to schedule a face-to-face meeting with Customers with past due accounts to discuss possible repayment options." Id. The letter further stated:

> If we do not hear from you, then we may send a representative to the property address listed above in an attempt to contact you. Please contact us within 14 calendar days of this letter to schedule the face-to-face meeting or to notify us that you are not

>                interested in participating in a face-to-face
>                meeting.

Id. Plaintiff Deirdre Jennings acknowledged receiving the letter, and testified in her deposition that she placed a telephone call to RoundPoint Mortgage in response to the letter. Id. at 3.

On or about December 22, 2016, a RoundPoint Mortgage agent and/or employee traveled to Plaintiffs' property and met with Plaintiffs. Id. In a letter dated January 4, 2017, RoundPoint Mortgage notified Plaintiffs that the loan was in default, and failure to cure the default by February 10, 2017 could result in RoundPoint Mortgage's initiation of foreclosure proceedings. Id. By April 26, 2017, Plaintiffs failed to cure the default specified in the January 4, 2017 notice. Id. RoundPoint Mortgage then accelerated the amounts due under the Note and Deed of Trust and appointed Equity Trustees to conduct a foreclosure sale of the mortgaged property. Id. Equity Trustees conducted a foreclosure sale of the property on May 2, 2017. Id.

## IV. LEGAL STANDARD

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate when the court, viewing the record as a whole and in the light most favorable to the nonmoving party, finds there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). A court should grant summary

judgment if the nonmoving party, after adequate time for discovery, has failed to establish the existence of an essential element of that party's case, on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

The nonmoving party's failure to respond to a motion for summary judgment "does not fulfill the burdens imposed on moving parties by Rule 56." Custer, 12 F.3d at 416. Rather, the court must still review the motion, regardless of the fact that it is unopposed, and "determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." Id.

### V. ANALYSIS

Plaintiffs claim that Equity Trustees breached its Deed of Trust with Plaintiffs by advertising the foreclosure sale of Plaintiffs' property when it was on notice that RoundPoint Mortgage had failed to complete necessary preconditions of foreclosure. Compl. ¶ 30-32. Plaintiffs further claim that Equity Trustees "knowingly and willfully foreclosed on the Plaintiffs without completing their due diligence to verify the status of the debt owed." Id. ¶ 56. However, both of these claims must fail as a matter of law, because they are not supported by the uncontroverted facts of this case.

**A.**

The uncontroverted facts[1] show that Equity Trustees did not breach its Deed of Trust with Plaintiffs by advertising the foreclosure sale of Plaintiffs' property. Although Plaintiffs claim that this was a breach because Equity Trustees was on notice of RoundPoint Mortgage's failure to complete necessary preconditions of foreclosure, the uncontroverted facts show that RoundPoint Mortgage fulfilled necessary preconditions of foreclosure. RoundPoint Mortgage sent Plaintiffs a letter on December 1, 2016, to schedule a face-to-face meeting with Plaintiffs; RoundPoint Mortgage had a face-to-face meeting with Plaintiffs on December 22, 2016; and RoundPoint Mortgage sent Plaintiffs a letter on January 4, 2017, advising them that their loan was in default, and failure to cure the default by February 10, 2017, could result in RoundPoint Mortgage's initiation of foreclosure proceedings.

None of these facts establish a claim that Equity Trustees had notice of any legal wrong suffered by Plaintiffs, and in fact they affirmatively show that RoundPoint Mortgage complied with several preconditions of foreclosure. The Federal Housing Administration ("FHA") requires that, for all federally-insured mortgages, "[t]he mortgagee must have a face-to-face interview

---

[1] See supra Part III.

with the mortgagor, or make a reasonable effort to establish such a meeting, before three full monthly installments due on the mortgage are unpaid." 24 C.F.R. § 203.604. The FHA further requires that "prior to initating any action required by law to foreclose the mortgage, the mortgagee shall notify the mortgagor in a format prescribed by the Secretary that the mortgagor is in default and the mortgagee intends to foreclose unless the mortgagor cures the default." 24 C.F.R. § 203.606.

RoundPoint Mortgage complied with the face-to-face meeting requirement when its sent the Plaintiffs its December 1, 2016 letter seeking to schedule a face-to-face meeting, and when RoundPoint Mortgage and Plaintiffs had their face-to-face meeting on December 22, 2016.[2] RoundPoint Mortgage also complied with the notice of default requirement when it sent Plaintiffs a letter on January 4, 2017, advising them that their loan was in default, and failure to cure the default by February 10, 2017, could result in RoundPoint Mortgage's initiation of foreclosure proceedings. These uncontroverted facts do not support a claim that RoundPoint Mortgage failed to complete necessary preconditions of

---

[2] The circumstances of the letter and subsequent meeting made clear that these actions were taken to comply with 24 C.F.R. § 203.604. In its December 1, 2016 letter, RoundPoint Mortgage advised Plaintiffs that "[t]he Federal Housing Administration (FHA) requires mortgage servicers to attempt to schedule a face-to-face meeting with Customers with past due accounts to discuss possible repayment options." ECF No. 81 at 2.

foreclosure; and, consequently, Equity Trustees did not advertise the foreclosure sale of Plaintiffs' property when it was on notice that RoundPoint Mortgage had failed to complete necessary preconditions of foreclosure. Equity Trustees is entitled to summary judgment on this claim by Plaintiffs.[3]

**B.**

The uncontroverted facts[4] also fail to support Plaintiffs' claim that Equity Trustees knowingly and willfully foreclosed on the Plaintiffs without completing their due diligence to verify the status of the debt owed. The uncontroverted facts are that after August 30, 2016, Plaintiffs stopped making monthly mortgage payments; by April 26, 2017, Plaintiffs had failed to cure the default in their loan from RoundPoint Mortgage; and on April 26, 2017, RoundPoint Mortgage accelerated the amounts due under the Note and Deed of Trust.

These facts do not support a claim that Equity Trustees failed to verify the status of Plaintiffs' debt prior to commencing foreclosure proceedings. Pursuant to FHA regulation, a mortgagee

---

[3] The court's ruling is consistent with its previous determination that RoundPoint Mortgage did not violate FHA regulations or other applicable law during the foreclosure sale of Plaintiffs' property. See ECF No. 70. On November 13, 2018, the court granted summary judgment to RoundPoint Mortgage, determining as a matter of law that RoundPoint Mortgage completed the necessary preconditions of foreclosure prior to initiating the foreclosure sale of Plaintiffs' property. Id.

[4] See supra Part III.

10

of an FHA-insured mortgage is permitted to foreclose on a mortgage if at least three (3) full monthly payments remain due and payable, assuming that the necessary preconditions of foreclosure, such as a notice of default, have been satisfied. 24 C.F.R. § 203.606; see supra Part V.A (discussing RoundPoint Mortgage's compliance with the notice of default requirement); ECF No. 70 (court's Order determining as a matter of law that RoundPoint Mortgage completed the necessary preconditions of foreclosure prior to initiating the foreclosure sale of Plaintiffs' property).[5]

The uncontroverted facts show that, at the time Equity Trustees conducted a foreclosure sale of Plaintiffs' property May 2, 2017, Plaintiffs' had not made a mortgage payment to RoundPoint Mortgage since August 30, 2016, far greater than the minimum of three (3) months required by the FHA. Moreover, prior to the foreclosure sale, RoundPoint Mortgage accelerated the amount due under Plaintiffs' note, making Plaintiffs' entire debt to RoundPoint Mortgage due and payable.

Under these facts, the debt that the Plaintiffs owed RoundPoint Mortgage was properly established and owing at the time that Equity Trustees conducted a foreclosure sale on May 2, 2017. Plaintiffs' claim that Equity Trustees failed to verify the status of the debt Plaintiffs owed prior to conducting a foreclosure sale

---

[5] See supra note 3.

11

is without merit under the uncontroverted facts. Assuming Equity Trustees had a duty to Plaintiffs here, any verification with RoundPoint Mortgage would have shown the foreclosure sale to be permissible. Therefore, even if Equity Trustees breached that duty by not conducting any verification prior to the foreclosure sale, Plaintiffs would not be entitled to any relief because the debt was in fact owed by Plaintiffs; the foreclosure was not invalid and/or subject to being rescinded. Simply put, Plaintiffs cannot show that they were harmed by Equity Trustees' alleged failure to verify and are thereby not entitled to the relief they seek. Equity Trustees is entitled to summary judgment on this claim.

## VI. CONCLUSION

Neither of Plaintiffs' claims against Equity Trustees are supported by the uncontroverted facts of this case, and Plaintiffs have not shown any reason why they are entitled to invalidation and/or rescission of the foreclosure sale. Accordingly, Equity Trustees' Motion for Summary Judgment, ECF No. 80, is **GRANTED**. The Clerk is **DIRECTED** to enter final judgment in this case in accordance with this Memorandum Final Order, and the court's Order of November 13, 2018. The Clerk is further **DIRECTED** to send a copy of this Memorandum Final Order to counsel for the parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
United States District Judge

REBECCA BEACH SMITH
UNITED STATES DISTRICT JUDGE

March 15, 2019